## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NEPHERTERI PARKS, | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICERS JOHN STANLEY #9024, PATRICK | ) | |
| FELKER #3150, CESAR CLAUDIO #19132, | ) | |
| WILLIAM BOKOWSKI #6137, ROBERT | ) | |
| MARSHAL #18977, DONNA WALSH # 5273, | ) | |
| MICHAEL DURKIN #10663, SERGEANT | ) | |
| GRADE #1841, and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, NEPHERTERI PARKS, and complaining of Defendants, CITY

OF CHICAGO, CHICAGO POLICE OFFICERS JOHN STANLEY #9024, PATRICK FELKER

#3150, CESAR CLAUDIO #19132, WILLIAM BOKOWSKI #6137, ROBERT MARSHAL

#18977, DONNA WALSH # 5273, MICHAEL DURKIN #10663, SERGEANT GRADE #1841,

and UNKNOWN CHICAGO POLICE OFFICERS, and states as follows:

### Introduction

1.      This action, arising out of the violations of the U.S. Constitution and for

transgressions of Illinois law caused by one or more of the Defendants, is brought pursuant to 42

U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured

by the United States Constitution.

### Jurisdiction and Venue

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28

U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all

parties reside in this judicial district, and the events giving rise to the claims asserted herein

occurred within the district.

**The Parties**

3. Plaintiff Nepherteri Parks resides in Chicago, Cook County, Illinois.

4. Defendant City of Chicago ("City") is a municipal corporation duly incorporated

under the laws of the State of Illinois, which operates the Chicago Police Department.

5. Chicago Police Officers John Stanley, Patrick Felker, Cesar Claudio, William

Bokowski, Robert Marshal, Donna Walsh, Michael Durkin, Sergeant Grade, and Unknown

Chicago Police Officers (referred to collectively herein as "Defendant Officers") were at the time

of this occurrence Chicago Police Officers. The Defendant Officers engaged in the conduct

complained of while on duty in the course and scope of their employment and under color of

law. They are sued their individual capacities.

**Background**

6. During the evening of August 26, 2009, Nepheteri Parks was in the front

passenger seat of the car that she owned, and her friend Tawana Fields was driving.

7. The two were on their way to a restaurant when they saw neighborhood

acquaintance Herbert Hammond and offered to give him a ride.

8. Hebert Hammond entered the backseat of the car.

9. When they arrived at the restaurant parking lot, Ms. Parks' car was boxed in by a

Chicago Police vehicle.

10. Defendant Officers surrounded Ms. Parks' car.

11. Sergeant Grade approached the front of Ms. Parks' car with his service weapon

2

drawn and pointed it Plaintiff and her companions.

12.     Sergeant Grade told everyone to put their hands up or he would shoot them.

13.     The terrified occupants complied with the officer's command.

14.      Nevertheless, Sergeant Grade fired his handgun through the front driver side window, shattering the glass.

15.     The man in the back seat, Herbert Hammond, was shot.

16.     Nepheteri Parks was handcuffed and taken into police custody.

17.     Ms. Parks was held by Defendants Officers for over fifteen hours.

18.     During that time, Ms. Parks was repeatedly told that she could not leave.

19.     The Defendant Officers who took Ms. Parks into custody knew that she had committed no crime and that they did not have probable cause to arrest her.

20.     While she was in custody, Defendant Officers tried to coerce her into agreeing with a version of what happened which was not true.

21.     Ms. Parks was eventually released without charge.

### Count I – 42 U.S.C. § 1983
### Fourth Amendment – False Arrest/Unreasonable Seizure.

22.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

23.     The actions of the Defendant Officers, described above, whereby Defendants knowingly arrested and/or seized Plaintiff without probable cause, or any other lawful justification, constituted a deliberate violation of Plaintiff's rights under the U.S. Constitution, thus violating the Fourth Amendment to the United States Constitution.

24.     As a direct and proximate result of these Constitutional violations, Plaintiff suffered injuries including emotional distress, anxiety, humiliation, fear, and stress.

## Count II – 42 U.S.C. § 1983
### Fourth Amendment – Excessive Force

25.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

26.     The actions of Defendant Officers, detailed above, constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating Plaintiff's rights under the Fourth Amendment of the United States Constitution.

27.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

28.     At all times relevant to the above allegations, all of the Defendant Officers were acting under color of law and within the scope of their employment.

29.     As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiff suffered damages including emotional distress, anxiety, humiliation, fear, and stress.

## Count III – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene

30.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

31.     While Defendant Officers used excessive force against and falsely arrested Plaintiff, one or more of the Defendant Officers stood by and watched without intervening. These officers had a reasonable opportunity to prevent the harm had they been so inclined, but failed to do so.

32.     At all times relevant to the above allegations, all of the Defendant Officers were acting under color of law and within the scope of their employment.

33.     As a result of Defendants' failure to intervene to prevent the unlawful arrest of and excessive use of force against him, Plaintiff suffered damages including emotional distress, anxiety, humiliation, fear, and stress.

4

## Count IV — State Law Assault

34.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

35.     As described in the preceding paragraphs, the conduct of the defendant officers created in Plaintiff a reasonable apprehension of imminent harm.

36.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiff's rights.

37.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

38.     The misconduct described in this Count was undertaken by the defendant officers within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

39.     As direct and proximate result of the defendant officers' acts, Plaintiff suffered injuries including but not limited to emotional distress, anxiety, humiliation, fear, and stress.

## Count V – State Law Claim
## 745 ILCS 10/9-102

40.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

41.     Defendant City of Chicago is the employer of all of the defendant officers.

42.     The defendant officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, or oppressively, Plaintiff seeks punitive damages against the individual Defendant Officers in the individual capacities, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

Respectfully submitted,

_____/s/ James M. Baranyk_____
One of the Attorneys for Plaintiff

Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
(312) 432-0400